**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FLORENCE KIMANZI,**<br><br>Plaintiff,<br>**vs.**<br><br>**MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT AND ENCORE CAPITAL GROUP,**<br><br>Defendants. | **Civil Action No.**<br><br>**2:11-cv-03466-FSH-PS** |

STATUS REPORT TO THE COURT

1.      Plaintiff seeks a trial by jury.

2.      Description of the nature of the case, the relief requested and substantive issues and the parties' positions on each issue:

Plaintiff Florence Kimanzi:

        Plaintiff believes that Midland Credit Management, Inc. ("MCM") harassed her with frequent telephone calls between March 2010 and September 2010, and alleged so much in her Complaint.  MCM works in coordination with Midland Funding, LLC and Encore Capital Group, therefore Plaintiff these parties were named as co-defendants.  Since the filing of her Complaint, it has come to Plaintiff's attention that a portion of the harassing debt collection calls came from Encore Receivables Management, and has amended her Complaint accordingly.  Plaintiff maintains that MCM called her within the statute of limitations, and believes that Encore Receivables Management was attempting to collect the same Citi Card debt as MCM.

        Plaintiff disputes the statement below of the Defendants that Plaintiff's deposition testimony reveals a lack of due diligence.  In the course of discovery, it became apparent that MCM had previously attempted to collect a debt from Plaintiff, and currently has a judgment against Plaintiff on her credit report.  MCM does not dispute this.  However, it is Plaintiff's position that MCM continued contacting her during the relevant period, which is set forth in her Complaint.

        Plaintiff seeks statutory damages of $1,000, plus her reasonable attorneys fees and costs in this litigation.

Defendants Midland Funding, LLC, Defendant Encore Capital Group, Inc. and Midland Credit Management, Inc.:

Plaintiff claims that Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group called Plaintiff between March of 2010 and September of 2010 in the course of efforts to collect on a debt originally owed to Citibank. Defendant Midland Funding, LLC is a holding company and it has no employees or telephones. Therefore, Midland Funding, LLC, made no calls to Plaintiff regarding a debt. By the same token, Encore Capital Group, Inc., makes no calls in connection with debt collection. Therefore, the only defendant that could have made calls to Plaintiff during the relevant time period in the Amended Complaint would have been Midland Credit Management, Inc. However, Midland Credit Management, Inc., ("MCM"), made no calls to Plaintiff between March of 2010 and September of 2010 (or within 1 year of the filing of the original complaint). MCM's records confirm no calls to Plaintiff during the relevant time period. Plaintiff initially claimed MCM called Plaintiff from several numbers, including 877-213-1161, in the course of its efforts to recover on the debt. Plaintiff further theorizes that MCM utilized an autodialer during these calls in violation of the TCPA between March of 2010 and September of 2010.

From the earliest stages of this litigation, MCM has repeatedly placed Plaintiff on notice that she sued the wrong parties. Had Plaintiff or her counsel taken a moment to dial the toll free number that they set out in the Complaint, and which they attribute to the Midland defendants, they would have recognized that this number is for Encore Receivables Management ("ERC"), not the Midland defendants. In fact, Plaintiff confirmed, in the course of her deposition, that she had no basis to conclude that the Midland defendants engaged in the conduct alleged in the complaint at the time the complaint was filed or even up to the date of the deposition. Plaintiff's deposition testimony confirmed an absence of due diligence in almost every facet of Plaintiff's investigation into her claims prior to filing her lawsuit against the Midland defendants. She failed to call the number identified in the Complaint and she failed to secure any evidence or telephone records in support of her claims. Had she done so, the present lawsuit would not have been brought against the Midland defendants.

In 2009, MCM retained a law firm to file a lawsuit against Plaintiff to recover on a debt owed to Midland Funding and originally owed to Citibank. A lawsuit was filed and resulted in a judgment against Plaintiff. When Plaintiff began receiving calls from ERC concerning another debt obligation – her Discover Card debt – she assumed a connection between Encore Receivables and Encore Capital Management (or between the 2009 lawsuit and the

2

allegations in her Amended Complaint as to ERC) and sued the wrong party concerning the wrong debt.  As Midland Funding secured a judgment against Plaintiff on her Citibank debt and Plaintiff conceded at her deposition that she did a computer search, it is easy to see how Plaintiff mis-identified the parties in her present suit.  However, it is simply inexcusable that, after being placed on notice repeatedly, that she sued the wrong parties, for Plaintiff to continue her action against the Midland defendants and the Midland defendants are entitled to recover reasonable fees and costs against the Plaintiff and her counsel in an amount in excess of $6,000.

The Midland defendants placed Plaintiff on notice that she named the wrong parties in its Amended Answer to the Complaint.  The Midland defendants again placed Plaintiff on notice that she named the wrong parties in the Joint Case Management Plan and during the initial conference.  The Midland defendants further advised Plaintiff that she was suing the wrong parties during status conferences with the Court.  Finally,  counsel for Midland did what Plaintiff's counsel should have done prior to filing this action, counsel called ERC at the number provided in the Complaint and confirmed that ERC was not collecting on the Citibank judgment and that ERC was not collecting on a debt on behalf of the Midland defendants.  ERC was collecting on Plaintiff's debt obligation owed to Discover Bank.  Finally, in the course of the deposition of Plaintiff, the Midland defendants confirmed that Plaintiff had absolutely no factual or evidentiary basis to assert claims against the Midland defendants and that she was still waiting on records that she hoped would connect the Midland defendants to the claims asserted in her complaint.  Nevertheless, Plaintiff continued to pursue her frivolous claims against Midland and Midland is entitled to recover its defense costs under 15 U.S.C. §1692k and 28 U.S.C. §1927.

3.    Discovery closes on February 24, 2012

4.    Defendants Midland Funding, LLC, Defendant Encore Capital Group, Inc. and Midland Credit Management, Inc.:

The Midland defendants intend to file a dispositive motion and a petition for fees and costs under Section 1692k and 28 U.S.C. 1927.  Plaintiff offers no evidence, facts or even testimony that would suggest that any of her claims are viable as to the Midland defendants.  The Midland defendants intend to file their dispositive motion within 30 days after ERC responds to the Amended Complaint.

Plaintiff Florence Kimanzi:

Plaintiff intends to oppose any dispositive motion filed by Defendants. Plaintiff disagrees with Defendants' statement that she offers no evidence, facts

or even testimony that would suggest that any of her claims are viable as to the Midland defendants.

5.      The Midland defendants do not believe that a settlement conference with the Court would be beneficial and the parties have not engaged in any material settlement discussions.  However, this could change once ERC enters this case.

        Plaintiff agrees that a settlement conference would not be fruitful at this time due to the parties respective positions in this case.

_(s) Amy L. Bennecoff_                                    _February 22, 2012_
Amy Lynn Bennecoff                              Date
For Plaintiff Florence Kimanzi


_(s) Andrew M. Schwartz_                            _February 22, 2012_
Andrew M. Schwartz                              Date
For Defendants Midland Credit Management, Inc.,
Midland Funding, LLC, and Encore Capital Group, Inc.